**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEBRA YORK,

                CASE NO.:

    Plaintiff,

vs.

WALGREEN CO.,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DEBRA YORK ("Plaintiff"), by and though her undersigned counsel, files this Complaint against Defendant, WALGREEN CO. ("WALGREENS"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims for unjust enrichment pursuant to 28 U.S.C. § 1367(a) because this claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as her overtime claims.

1

## PARTIES

4. At all times material to this action, Plaintiff was, and continues to be a resident of Sarasota County, Florida.

5. At all times material to this action, Defendant, WALGREENS, was, and continues to be, a Foreign Corporation with its headquarters in Deerfield, Illinois.

6. Further, at all times material hereto, Defendant, WALGREENS provided global health and beauty product brands throughout North America, including in Sarasota County.

7. Defendant communicated with Plaintiff, a Florida resident, in Florida to establish an employment relationship with Plaintiff and induce Plaintiff to provide services as an employee of Defendant. Moreover, Plaintiff was employed Defendant in North Port, Florida.

8. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §7 of the FLSA.

9. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. Defendant, was, and continues to be, an "employer" within the meaning of the FLSA.

12. At all times material to this action, Defendant, was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones and computers.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

16. In February 2012, Defendant hired Plaintiff to work as a non-exempt, hourly paid, Assistant Store Manager at its store located at 1009 North Sumter Blvd., North Port, Florida 34286. She worked in this position at that location until March 2016.

17. Plaintiff's job duties included, but were not limited to, managing the store, starting store registers, handling money, taking inventory, training, receiving and handling vendors, preparing employee schedules, and responding to alarms outside of normal business hours

18. At various times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a workweek.

19. From approximately February 2012 to March 2016, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

20. Specifically, the practices that led to this failure to pay proper overtime included, but are not limited to, the requirements that Plaintiff work "off-the-clock" to:

a) complete work at home with her manager's direction and knowledge; b) attend to telephone calls and texts from her manager while off-the-clock; and c) attend to alarm issues while not clocked in.

21. In addition, Plaintiff came in at 6:00 a.m. each day in order to complete necessary pre-shift work such as disabling the alarm, bringing in the newspapers, releasing orders from the photo area, doing cash reports, printing signs, putting out registers, and counting the safe. However, her manager told her that while she could come in at 6:00 a.m. to do this necessary work, she should not clock in because it would result in a penalty to him for incurring additional overtime, and that he would enter her time.

22. In addition, Plaintiff's manager manually inputted lunch deductions to Plaintiff's time, even when she did not get a lunch, resulting in additional unpaid overtime hours.

23. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

24. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

25. Defendant has violated Title 29 U.S.C. §207 from at least February 2012 to at least March 2016, in that:

    a. no payments or provisions for payment have been made by Defendant to properly compensate Plaintiff, at the statutory rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per workweek,

as required by the FLSA, due to the policies and practices described above; and

      b.    due to the policies and practices described above, Defendant has failed to maintain proper time records as mandated by the FLSA.

26.    Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendant knew, or reasonably should have known, that its conduct violated the FLSA.

27.    Defendant failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

28.    To the extent the "off-the-clock" hours were not overtime hours, Plaintiff nonetheless conferred a benefit upon Defendant through her "off-the-clock" work.

29.    Defendant knowingly accepted the benefit of this required "off-the-clock" work without compensating Plaintiff for same.

30.    It would be unjust to allow Defendant to retain the benefit of this work without compensating Plaintiff for same.

31.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

32.    Plaintiff re-alleges paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33.    From at least February 2012 to March 2016, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of

pay.

34. Plaintiff, was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

35. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

36. At all times material hereto, upon information and belief, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

37. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours in one or more workweeks, plus liquidated damages.

38. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, requests entry of judgment in Plaintiff's favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## UNJUST ENRICHMENT

43. Plaintiff re-alleges paragraphs 1 through 7 and 28 through 30 of the Complaint, as if fully set forth herein.

44. To the extent the "off-the-clock" hours were not overtime hours, Plaintiff

nonetheless conferred a benefit upon Defendant through her "off-the-clock" work.

45. Defendant knowingly accepted the benefit of this required "off-the-clock" work without compensating Plaintiff for same.

46. It would be unjust to allow Defendant to retain the benefit of this work without compensating Plaintiff for same.

47. The monies owed to Plaintiff constitute wages under Florida law.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendant for actual damages, as well as costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 26th day of July, 2016.

Respectfully submitted,

ANGELA MURTHY, ESQUIRE
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Telephone: 954-318-0268
Facsimile: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*