## FLSA SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter "Release") is made and entered into by and between DEBRA YORK ("Employee") and WALGREEN CO. ("Employer"). Employee was previously employed by Employer. The parties desire to settle any and all disputes between them on terms that are mutually agreeable. Accordingly, in consideration of the mutual promises set forth below, Employer and Employee agree as follows:

1. Employer will provide Employee with a sum of money specified below in return for Employee's execution of this release, which is intended to fully and finally resolve the specified matter between Employer and Employee on terms that are mutually agreeable.

2. By entering into this Release, Employer does not admit any underlying liability to Employee. Neither Employer nor Employee is entering this Release because of any wrongful acts of any kind.

3. Employee promises and obligates herself to perform the following covenants under this Release:

    a.) Acting for herself, her heirs, personal representatives, administrators and anyone claiming by or through her, Employee unconditionally and irrevocably releases, acquits and discharges Employer and its Releasees from any liability for the claims specified below in subparagraph ii.

    i) The phrases "Employer" shall mean Walgreen Co. The "Releasees" of Employer shall mean include their past and present directors, officers, partners, supervisors, representatives, successors, assigns, subsidiaries, affiliates, parents, and insurers.

    ii) The term "claims" shall mean any claims brought by Employee against Employer and/or its Releasees in the case currently pending in the United States District Court for the Middle District of Florida under Case No. 8:16-cv-02234-T-36TGW.

    b.) Employee waives and relinquishes any rights that Employee may have to claim reimbursement from Employer and its Releasees for attorney's fees, litigation costs or expenses that Employee may have incurred in the course of obtaining legal advice on the specified claim, except as otherwise expressly provided for herein.

    c.) Employee agrees to file a notice of withdrawal or stipulation for dismissal and/or a joint motion with the Employer to approve settlement agreement with the Court to facilitate the dismissal of the specified claim in paragraph 3(a)(ii).

**Exhibit A**

    d.)    Employee shall comply with all other terms of this Release as provided for herein.

4. Employer promises and obligates itself to perform the following covenants under this Release:

    a.)    Employer shall provide Employee with a payment in the gross amount of $11,500 divided as follows:

        i)    a check to Morgan and Morgan, P.A. (FEIN 592920684), in the amount of $3,500.00 to cover attorney's fees and expenses incurred by Employee in seeking legal advice; *Employee specifically is aware of, and agrees with, the amounts to be paid to her attorneys for representing her interests in this matter;*

        ii)    a check to Employee in the amount of $4,000.00, less all usual taxes and deductions, in compromise of Employee's contested claims for back wages.

        iii)    a check to Employee in the amount of $4,000.00 in compromise of Employee's contested claims for liquidated damages.

    b.)    The sums described above shall be delivered to the offices of Morgan & Morgan, P.A., 600 N. Pine Island Rd. Suite 400, Plantation FL, 33324, such that they are received no later than 20 days after the later of the following two events:

        i)    Employer receives an executed copy of this Release from Employee; and

        ii)    The U.S. District Court for the Middle District of Florida issues an order that either specifically approves this settlement agreement or dismisses the case.

    c.)    Employer shall issue an IRS Form 1099 for each of the payments described in paragraph 4(a)(i) and (iii) above, designating the payment as "other income" as to the payment in paragraph 4(a)(iii), and shall issue an IRS Form W-2 for the payment described in paragraph 4(a)(ii).

    d.)    Employer shall comply with all other terms of this Release as provided for herein.

5. Employee agrees that each of the following statements is truthful and accurate:

    a.)    Employee is of sound mind and body.

    b.)    Employee has sufficient education and experience to make choices for herself that may affect her legal rights.

    c.)    Employee has full legal capacity to make decisions for herself;

    d.)    Employee is aware that this Release has significant legal consequences.

    e.)    Employee has had the opportunity to consult with an attorney of her choice prior to signing this Release.

    f.)    Employee has decided to sign this Release of her own free will, and her decision to sign this Release has not been unduly influenced or controlled by any mental or emotional impairment or condition.

    g.)    Employee is not executing this Release because of any duress or coercion imposed on her by anyone.

    h.)    Employee understands and agrees the potential risks and rewards of pursuing litigation in this matter, and accepts this settlement as a reasonable compromise of her claims for alleged wages and liquidated damages owed, based on a full and fair exchange of information.

6. Employee represents that she has not sold, transferred, or assigned to a third party any claims that she may have. Employee represents that any claims that she may have are unencumbered and otherwise within her power to dispose of.

7. Except as otherwise specifically provided herein, any and all prior understandings and agreements between Employee and Employer with respect to the subject matter of this Release are merged into this Release, which fully and completely expresses the entire Release and understanding of the parties with respect to the subject matter hereof. Neither Employee nor Employer has relied on any statements, promises, or documents other than those contained in this Release or incorporated herein by reference.

8. This Release shall not be orally amended, modified, or changed. No change, amendment, or modification to the terms of this Release shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the parties that has been signed by Employee and by duly authorized officers or representatives of Employer.

9. This Release is made and entered into in the state of Florida, and shall in all respects be interpreted, enforced and governed under the laws of Florida. In the event of a breach of this Release by either party, the other party shall be entitled to seek enforcement of this Release exclusively before a state or federal court of competent jurisdiction located in Florida. This Release shall not be construed to waive any right of removal that may apply to any action filed in state court by either party to this Release.

10. In the event a breach of the Release is proven, the non-breaching party may recover, in

addition to damages, the reasonable costs and fees, including attorney's fees, incurred in establishing the breach and securing judicial relief. In the event that the provisions of this Release are breached, the non-breaching party may recover damages for the breach without waiving the right to insist on the breaching party's continued fulfillment of all other obligations under the Release.

11. The language of all parts of this Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Release, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

12. This release may be executed in counterparts, and an executed copy of this document, sent by email or facsimile, shall have the same force and effect as an original signed document.

13. Should any provision of this Release be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision which is determined to be illegal or invalid shall be deemed not to be a part of this Release.

**PLEASE READ CAREFULLY.**

Executed at Sarasota this 27 day of December, 2016.

_____    _____
WITNESS                                                     EMPLOYEE

Executed at DEERFIELD this 5TH day of JANUARY, 2017.

_____    EMPLOYER
WITNESS                                                     By: _____
                                                                      Title: Senior Counsel